UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-000189-MR

| | |
|---|---|
| COBEY LAKEMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU HONEYCUTT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 17], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

Pro se Plaintiff Cobey LaKemper ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On December 15, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the following Defendants, in their individual and official capacities: (1) FNU Honeycutt, Warden of Alexander; (2) FNU Young, Mailroom Attendant at Alexander; (3) Russell Chester, "FIO" Captain at Alexander; (4) Chris M. Biecker, Unit Manager, Green Unit, at Alexander; (5) William N. Farrish, Assistant Unit

Manager, Green Unit, at Alexander; and (6) John Doe, North Carolina Department of Public Safety (NCDPS) Review Committee, Chairperson. [Doc. 1 at 2-4]. The Complaint survived initial review under 28 U.S.C. §§ 1915A and 1915(e) as to Plaintiff's First Amendment retaliation claims against Defendants Young, Chester, Biecker, and Farrish and Plaintiff's First Amendment censorship claims against Defendants Biecker, Farrish, and Honeycutt, all in their individual capacities only, in accordance with the Court's initial review Order.[1] Plaintiff's remaining claims, including Plaintiff's official capacity claims, failed initial review and were dismissed. [Doc. 10 at 11-12].

Plaintiff moved for reconsideration of the Court's initial review Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Docs. 14, 16]. Plaintiff argued that the Court should have recognized a "stand-alone" First Amendment right to receive publications by mail censorship claim and erred in dismissing Plaintiff's retaliation claim against Defendant Honeycutt and Plaintiff's Fourteenth Amendment claim against Defendant Doe. [Doc. 14 at  The Court, however, advised Plaintiff that he may move to amend his Complaint to recapture claims he believes were improperly dismissed. [Doc.

---

[1] For the sake of economy, the Court herein incorporates its initial review Order. [See Doc. 10].

16 at 4]. Now before the Court is Plaintiff's Amended Complaint. [Doc. 17].

In his Amended Complaint, Plaintiff largely restates his original Complaint and adds allegations aimed at recapturing the dismissed claims. As for the "stand-alone" censorship claim based on denial of the books by Defendants Young, Chester, and Honeycutt, the Court finds that Plaintiff's claim is not clearly frivolous and survives initial review. As for Plaintiff's First Amendment retaliation claim against Defendant Honeycutt, Plaintiff's allegations remain insufficient to state a claim for relief. [See Doc. 17 at 5].

As for Plaintiff's Fourteenth Amendment due process claim against Defendant Doe, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that his Fourteenth Amendment due process claim against Defendant Doe survives initial review as not clearly frivolous. Courts have held that due process requires the following minimal safeguards for the withholding of a prisoner's incoming mail or publications: (1) appropriate notice, (2) a reasonable opportunity to challenge the initial determination, and (3) an ultimate decision by a disinterested party not privy to the initial censorship determination. See Hopkins v. Collins, 548 F.2d 503, 504 (4th Cir. 1977) (citation omitted). Here, while Plaintiff alleges that he received notice of the rejections, that he was allowed to appeal the initial determination, and that a third party, Defendant

Doe, provided the ultimate decision, Plaintiff's allegations suggest that the Defendant Doe's "rubber-stamping [of] erroneous and clearly fabricated rejections" did not afford Plaintiff a reasonable opportunity to challenge the rejections.

Finally, Plaintiff seeks to recapture the dismissed official capacity claims against all Defendants. He alleges that Defendants "are basing their acts and omissions, however improper and flagrant, on <u>overly broad and unconstitutional NC DAC policies</u>," which "must be considered the driving force behind the Defendants egregious conduct and resulting deprivation of Plaintiff's constitutional rights." [Id. at 12-13 (emphasis in original)]. Plaintiff throughout his Complaint, however, alleges that Defendants' actions are contrary to and manipulations and misapplications of governing NC DAC policies. [See Doc. 17 at 2-5, 7-8, 10]. The Court will allow Plaintiff's official capacity claims to proceed at this early stage of the proceedings. The Court, however, notes that Plaintiff's allegations are internally contradictory and will certainly be subject to scrutiny moving forward.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's First Amendment retaliation claims against Defendants Young, Chester, Biecker, and Farrish; Plaintiff's First Amendment censorship claims against Defendants Young,

Chester, Biecker, Farrish, and Honeycutt; Plaintiff's Fourteenth Amendment due process claim against Defendant John Doe; and Plaintiff's official capacity claims against these Defendants are allowed to pass initial review, all in accordance with the terms of this Order and the Court's original initial review Order [Doc. 10].

**IT IS FURTHER ORDERED** that any remaining claims, including Plaintiff's First Amendment retaliation claim against Defendant Honeycutt, are **DISMISSED**.

**IT IS SO ORDERED**.

Signed: April 16, 2023

Martin Reidinger
Chief United States District Judge