UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-000189-MR

| COBEY LAKEMPER, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| FNU HONEYCUTT, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to File Rule 15(d) Supplemental Pleading. [Doc. 27].

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on December 15, 2022, against Defendants Biecker, Chester, Farrish, Huneycutt, and Young, and Defendant John Doe, who has since been identified as Christina Mingo Fox, asserting, in part, First Amendment censorship and retaliation claims. [Doc. 1, 6/22/2023 Text Order]. On February 9, 2023, Plaintiff's Complaint passed initial review in accordance with the Court's Order. [Doc. 10]. Plaintiff filed an Amended Complaint, which passed initial review on April 18, 2023, in accordance with the Court's Order. [Docs. 17, 19]. All Defendants have answered Plaintiff's Amended Complaint. [Docs. 21, 29].

Plaintiff now moves to supplement his Amended Complaint and to name another Defendant in this matter. [Doc. 27]. In his supplemental pleading, Plaintiff alleges that, on August 24 and 25, 2023, Defendant Biecker and Assistant Unit Manager Scottie Scully improperly censored two electronic messages sent by Plaintiff to his established contact, A. Rodriguez, "for the sole purpose of suppressing permissible speech, bullying Plaintiff, to be retaliatory, and <u>not</u> to advance any valid penological interest." [Doc. 28 at 1-2]. Plaintiff alleges that the electronic messages did not contain impermissible speech and that he was not disciplined as a result of attempting to send the messages.[1] [<u>Id.</u> at 2]. Plaintiff claims this conduct constituted unconstitutional retaliation and censorship in violation of the First Amendment. [<u>Id.</u> at 3]. Plaintiff purports to assert claims based on this conduct against Defendant Biecker and Assistant Unit Manager Scully in their individual and official capacities. [<u>Id.</u>].

Under Rule 15(d), a party may on motion "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "A

---

[1] Plaintiff attached a handwritten duplication of the subject messages to his Complaint. [<u>See</u> Doc. 28 at 6]. The August 24 electronic message referred to Defendants Young and Chester as "corrupt" and "fascist bastards." [<u>Id.</u>]. The August 25 electronic message again referred to these Defendants as "corrupt." [<u>Id.</u>].

2

Case 5:22-cv-00189-MR   Document 30   Filed 11/06/23   Page 2 of 4

plaintiff may add new defendants via a supplemental pleading, but only if the supplemental pleading relies 'in good part on transactions, occurrences, and events which had happened since the action had begun.'" Rush v. American Home Mortg., Inc., No. WMN-07-854, 209 WL 2591342, at *2 (D. Md. Aug. 19, 2009) (quoting Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 226, 84 S.Ct. 1226 (1964)). Here, Plaintiff alleges that Defendant Biecker and Assistant Unit Manager Scully improperly censored two outgoing electronic messages in August 2023 and asks to add Scully as a Defendant in this matter. Plaintiff also claims his "First Amendment right to be free from retaliation for engaging in protected conduct" was violated. [Doc. 28 at 3 (emphasis in original)]. Plaintiff, however, does not allege that there was a causal relationship between any protected activity and the Defendants' conduct. See id.; see Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020).

The Court will allow Plaintiff to supplement his Amended Complaint with these additional allegations and to add Defendant Scully as a Defendant in this matter, but only in his individual capacity and only as to Plaintiff's censorship claim. Plaintiff has failed to state a retaliation claim against Defendant Scully and has not stated an official capacity claim against either Defendant. See Doc. 10 at 6-8. The Court will direct the Clerk to initiate the

3

Case 5:22-cv-00189-MR   Document 30   Filed 11/06/23   Page 3 of 4

process for service on Defendant Scully and order Defendant Biecker to respond to Plaintiff's supplemental pleading.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 27] is **GRANTED** in accordance with the terms of this Order and Plaintiff's First Amendment censorship claim against Defendant Scully in his individual capacity passes initial review. Plaintiff's official capacity claims and First Amendment retaliation claim against Defendant Scully are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Biecker shall **RESPOND** to the allegations in Plaintiff's supplemental pleading [Doc. 28] within 21 days of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Scottie Scully, who is alleged to be a current or former employee of the North Carolina Department of Adult Corrections.

**IT IS SO ORDERED**.

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge