UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-000189-MR

| COBEY LAKEMPER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RONNIE LANE HUNEYCUTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint, [Doc. 47], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A.

Pro se Plaintiff Cobey LaKemper ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On December 15, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the following Defendants, in their individual and official capacities: (1) Ronnie Lane Huneycutt, Warden of Alexander; (2) FNU Young, Mailroom Attendant at Alexander; (3) Russell Chester, "FIO" Captain at Alexander; (4) Chris M. Biecker, Unit Manager, Green Unit, at Alexander; (5) William N. Farrish,

Assistant Unit Manager, Green Unit, at Alexander; and (6) John Doe,[1] North Carolina Department of Public Safety (NCDPS) Review Committee, Chairperson. [Doc. 1 at 2-4]. The Complaint survived initial review under 28 U.S.C. §§ 1915A and 1915(e) as to Plaintiff's First Amendment retaliation claims against Defendants Young, Chester, Biecker, and Farrish and Plaintiff's First Amendment censorship claims against Defendants Biecker, Farrish, and Huneycutt, all in their individual capacities only. Plaintiff's remaining claims, including Plaintiff's official capacity claims, failed initial review and were dismissed. [Doc. 10 at 11-12].

After the Court denied Plaintiff's motion to reconsider its initial review Order, Plaintiff filed an Amended Complaint largely restating his original Complaint and adding allegations aimed at recapturing the dismissed claims. On initial review of Plaintiff's Amended Complaint, in addition to the claims previously allowed to pass initial review, the Court allowed Plaintiff's "stand-alone" First Amendment censorship claims against Defendants Young, Chester, and Huneycutt based on the denial of books, Plaintiff's Fourteenth Amendment due process claim against Defendant Fox, and Plaintiff's official capacity claims against all Defendants to pass initial review.

---

[1] Christina Mingo Fox has since been substituted for Defendant John Doe. [6/22/2023 Text Order; see Docs. 22, 23].

On November 6, 2023, the Court allowed Plaintiff's motion to supplement his Amended Complaint and to name another Defendant in this matter, Assistant Unit Manager Scottie Scully, asserting a First Amendment censorship claim against him. [Docs. 27, 30]. The same day, the Court entered a scheduling order in this case setting the deadline to amend and join parties as December 26, 2023, and the discovery completion deadline as March 5, 2024. [Doc. 33].

On March 4, 2024, Plaintiff moved to amend the scheduling order to allow him to amend his Amended Complaint to add new Defendants in this matter. [Doc. 42]. Plaintiff argued that Defendants' discovery responses revealed that individuals other than Defendants Biecker, Farrish, and Scully were responsible for the conduct Plaintiff had alleged against them. [Id. at 4]. Plaintiff also moved for an extension of the discovery completion deadline and to dismiss Defendants Biecker, Farrish, and Scully. [Docs. 42-44]. The Court granted Plaintiff's motions, ordering Plaintiff to file a Second Amended Complaint by April 1, 2024 and extending the discovery deadline to April 19, 2024. [Doc. 46]. The Court sua sponte extended the dispositive motions deadline to July 3, 2024. [Id].

Now before the Court for initial review is Plaintiff's Second Amended Complaint in which Plaintiff largely restates the allegations of his previous

3

Complaints and substitutes Defendants David Hollar, Timothy Metcalf, and Stephanie Hall as the individuals responsible for the conduct previously attributed to former Defendants Biecker, Farrish, and Scully.[2] [Doc. 47].

The Court allows Plaintiff's Second Amended Complaint, which is the sole operative Complaint in this matter, to survive initial review consistent with the Court's Order on initial review of Plaintiff's Amended Complaint, as supplemented. That is, Plaintiff's First Amendment retaliation claims against Defendants Young and Chester; Plaintiff's First Amendment censorship claims against Defendants Huneycutt, Young, Chester, Hollar, Metcalf, and Hall; Plaintiff's Fourteenth Amendment due process claim against Defendant Fox; and Plaintiff's official capacity claims against Defendants Huneycutt, Hollar, Metcalf, and Hall survive initial review.

**Plaintiff is admonished that no further motions to amend his pleadings in this matter will be allowed**.

---

[2] In his Second Amended Complaint, Plaintiff asserts official capacity claims against Defendant Huneycutt, Hollar, Metcalf, and Hall and no longer asserts such claims against Defendants Young and Chester. [Doc. 47 at 9; see Doc. 19 at 4-5]. Plaintiff also again seeks to state a First Amendment retaliation claim against Defendant Huneycutt. [See id. at 3-4]. The Court has already twice found Plaintiff's allegations against Defendant Huneycutt in this regard insufficient to state such a claim. [Doc. 10 at 8-9; Doc. 19 at 3]. The Court granted Plaintiff's motion to amend the scheduling order to allow him to add Defendants Hollar, Metcalf, and Hall where Defendants Biecker, Farrish, and Scully were dismissed, not to again attempt to state a retaliation claim against Defendant Huneycutt long after the expiration of the deadline to amend. The Court will dismiss this claim.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Second Amended Complaint is the sole operative Complaint in this matter. Of the claims asserted therein, Plaintiff's First Amendment retaliation claims against Defendants Young and Chester; Plaintiff's First Amendment censorship claims against Defendants Huneycutt, Young, Chester, Hollar, Metcalf, and Hall; Plaintiff's Fourteenth Amendment due process claim against Defendant Fox; and Plaintiff's official capacity claims against Defendants Huneycutt, Hollar, Metcalf, and Hall survive initial review in accordance with this Order. Plaintiff's First Amendment retaliation claim against Defendant Huneycutt is hereby **DISMISSED**. 28 U.S.C. §§ 1915A and 1915(e)

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants David Hollar, Timothy Metcalf, and Stephanie Hall, who are alleged to be current or former employees of the North Carolina Department of Adult Corrections.

**IT IS SO ORDERED**.

Signed: April 8, 2024

Martin Reidinger
Chief United States District Judge