COBERY LAKEMPER,

                Plaintiff,

v.

FNU HUNEYCUTT, *et al.*,

                Defendants.

**ANSWER**
**(Jury Trial Demanded)**

NOW COMES Defendants Huneycutt, Young, Chester, Fox, Hollar, Metcalf, and Hall (hereinafter "Defendants")[1], by and through Undersigned Counsel, answering Plaintiff's Second Amended Complaint as follows:

## I.      FIRST DEFENSE – ANSWER

Since Plaintiff incorporated by reference his prior Complaints, Defendants incorporate by reference prior Answers to those Complaints. Except as specifically admitted herein, Defendants deny all allegations and requests for relief in Plaintiff's Amended Complaint. Otherwise, Defendants respond as follows to paragraphs of the Amended Complaint:

1.      It is admitted that Plaintiff received at Alexander Correctional Institution a number of books that arrived to the mailroom with (i) an odor and/or (ii) wrinkled

---

[1] Defendants Biecker, Farrish, and Sculley were dismissed.

1

pages resulting from dampness.  It is further admitted that said books were disapproved by the mailroom staff, which disapproval was upheld by the Publications Review Committee.  It is further admitted that said books were disapproved because odor or wrinkled pages from dampness can both be signs of the books' having been sprayed with liquid K2 or other liquid drugs.  Except as admitted herein, denied.

2.	It is admitted that Plaintiff received at Alexander Correctional Institution a number of books that arrived to the mailroom with (i) an odor and/or (ii) wrinkled pages resulting from dampness.  It is further admitted that said books were disapproved by the mailroom staff, which disapproval was upheld by the Publications Review Committee.  It is further admitted that said books were disapproved because odor or wrinkled pages from dampness can both be signs of the books' having been sprayed with liquid K2 or other liquid drugs.  Except as admitted herein, denied.

3.	It is admitted that Plaintiff received at Alexander Correctional Institution a number of books that arrived to the mailroom with (i) an odor and/or (ii) wrinkled pages resulting from dampness.  It is further admitted that said books were disapproved by the mailroom staff, which disapproval was upheld by the Publications Review Committee.  It is further admitted that said books were disapproved because odor or wrinkled pages from dampness can both be signs of the books' having been sprayed with liquid K2 or other liquid drugs.  Except as admitted herein, denied.

4. It is admitted that Plaintiff received at Alexander Correctional Institution a number of books that arrived to the mailroom with (i) an odor and/or (ii) wrinkled pages resulting from dampness. It is further admitted that said books were disapproved by the mailroom staff, which disapproval was upheld by the Publications Review Committee. It is further admitted that said books were disapproved because odor or wrinkled pages from dampness can both be signs of the books' having been sprayed with liquid K2 or other liquid drugs. Except as admitted herein, denied.

5. It is admitted that Reason Q was listed as the basis for the denial of a number of books that were attempted to be delivered to Plaintiff. It is admitted that the books had an unknown odor and appeared to be wet. Except as admitted herein, denied.

6. Denied.

7. The allegations herein contain legal conclusions, which require no response; to the extent a response is required, denied.

8. It is admitted that Plaintiff appealed the books rejections in reference to Dark Trail, Dryside, Peppa Good Night, Persuader, Sacketts, and Without Fail. It is admitted that the appeal upheld the rejections. Except as admitted herein, Defendants are without sufficient knowledge to admit or deny the remaining allegations, and therefore, they are denied.

9. Denied.

10. The allegations herein contain legal conclusion, which require no response; to the extent a response is required, denied.

11. Denied.

12. It is admitted that a message from Plaintiff was rejected by David Hollar. Except as admitted herein, denied.

13. It is admitted that a message from Plaintiff was rejected by Timothy Metcalf. Except as admitted herein, denied.

14. It is admitted that a message from Plaintiff was rejected by Stephanie Hall. Except as admitted herein, denied.

15. The allegations herein contain legal conclusion, which require no response; to the extent a response is required, denied.

16. It is admitted that Defendant Huneycutt is the Warden at AXCI, which makes him responsible for assigning staff for their duties. Except as admitted herein, denied.

17. The allegations herein contain legal conclusion, which require no response; to the extent a response is required, denied.

18. Denied.

19. Denied.

20. Denied.

4

21. The allegations herein contain legal conclusion, which require no response; to the extent a response is required, denied.

22. The allegations herein contain legal conclusion, which require no response; to the extent a response is required, denied.

23. It is denied that Plaintiff is entitled to any relief.

## II. SECOND DEFENSE – SOVEREIGN IMMUNITY

To the extent Plaintiff seeks to recover money damages from Defendants in their official capacities, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages. The State of North Carolina has not consented to suit or otherwise waived such immunity.

## III. THIRD DEFENSE – QUALIFIED IMMUNITY

Qualified immunity shields Defendants in their individual capacity from Plaintiff's claims against them for monetary damages, if any, as Defendants did not violate any clearly-established constitutional rights of which a reasonable person would have known.

## IV. FOURTH DEFENSE – FAILURE TO STATE A CLAIM

Defendants deny that they deprived Plaintiff of any right under the Constitution of the United States or other federal law. Plaintiff has failed to allege facts to support a finding that Defendants subjected him to a violation of Plaintiff's rights under the Constitution of the United States or other federal law. Plaintiff's Amended Complaint,

5

construed in the light most favorable to Plaintiff, as a matter of law, does not allege a violation of either the Constitution of the United States or other federal law by Defendants.

## V.     <u>FIFTH DEFENSE – NO PROXIMATE CAUSE</u>

No act or failure to act by Defendants was the proximate cause of the injuries or damages, if any, complained of by Plaintiff.

## VI.     <u>SIXTH DEFENSE – NO PUNITIVE DAMAGES</u>

Plaintiff's Amended Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any claim against them for punitive damages. Specifically, Plaintiff's Amended Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Defendants required to support a claim for punitive damages.

## VII.     <u>SEVENTH DEFENSE – FAILURE TO EXHAUST REMEDIES</u>

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act because Plaintiff failed to exhaust his administrative remedies.

## VIII.     <u>EIGHTH DEFENSE – UNDUE HARDSHIP</u>

Defendants affirmatively assert that they engaged in good faith efforts to comply with the law. To the extent that a reasonable accommodation could not be made, Defendants specifically plead the affirmative defense of undue hardship.

## IX.    NINTH DEFENSE – FAILURE TO MITIGATE

To the extent that any injuries or damages did arise out of the facts alleged by Plaintiff, such injuries or damages arose out of Plaintiff's own actions or omissions, and thus Plaintiff failed to mitigate his damages, and Defendants plead such failure as a bar to, or requiring a reduction of, Plaintiff's alleged damages.

## RESERVATION OF RIGHTS

Plaintiff's Amended Complaint fails to allege sufficient facts to allow Defendants to determine all potentially applicable defenses at this time, and as such, Defendants reserve the right to amend this Answer to include further defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants hereby pray the Court as follows:

1.      That Plaintiff's Complaint (as amended and supplemented) be dismissed with prejudice;

2.      That Plaintiff have and recover nothing from Defendants;

3.      That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;

4.      For a trial by jury on all issues so triable; and

5.      For such other and further relief as the Court deems just and proper.

7

Respectfully submitted this the 6th day of August, 2024.

JOSHUA H. STEIN
Attorney General

/s/ Alex R. Williams
Alex R. Williams (N.C.S.B. No. 41679)
Special Deputy Attorney General
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27699-9001
Telephone: 919-716-6528
Facsimile: 919-716-6761
awilliams@ncdoj.gov

8

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

> Cobey LaKemper
> OPUS 0767480
> Tabor Correctional Institution
> 4600 Swamp Fox Hwy West
> Tabor City, NC 28463
> *Pro Se Plaintiff*

This the 6th day of August, 2024.

/s/ Alex R. Williams
Alex R. Williams
Special Deputy Attorney General

9